# IN THE MATTER OF THE PETIT JURY FOR THE OCTOBER, 1912, TERM.

## September 18, 1912.

*Jurors—Summoning—Service of wrong party:* Where a person not drawn as a juror, but having the same name as a person on the jury list, has by error been served with summons to appear, the court may set the service aside and direct the marshal to summon the proper party.

PER CURIAM (Judges DOLE and CLEMONS): In executing the writ of venire facias for trial jurors for the October Term, 1912, which writ summoned, among others, one Manuel Andrade, the marshal served a man of that name, who appeared before one of the judges at chambers, and satisfied the judge not only of his exemption from jury service as being over age, but also of his disqualification as to citizenship, he being a subject of the Republic of Portugal, and of his disqualification as to ability to "understandingly speak, read and write the English language." The judge thereupon told Mr. Andrade that he would be excused on the above grounds, and directed the deputy clerk to notify the marshal to that effect. It now satisfactorily appears, however, that the Mr. Andrade who was served is not the person intended by the jury commissioners in placing the names in the jury box.

The question then arises should the service be regarded as a nullity and an effort be made to serve the person who was intended, it being possible to identify that person both from statements made by the clerk of the court (who is also one of the jury commissioners) at the time of drawing the jurors under this venire, and heard by the other judge of this court who presided at the drawing, and also from the fact that, as the records of the commissioners show, this particular name was that of the certain Mr. Manuel Andrade who is registered as a voter in Honolulu and whose name was lately taken from the register of voters for the purpose of being placed in the jury box. As between these two men, the presumption of law would, of course, be that a *qualified* person of that name was intended by the commissioners.

The writ in no way indicated what person of the name of Manuel Andrade was to be summoned, and it was no fault of the marshal that a person was served who happened to be disqualified.

To the mind of the court, the case is not to be distin-

guished from one where a wrong man of different name was served. There would not seem to be any doubt that in such case the service would be a nullity, and that the right man could thereupon be summoned. In other words, the writ is not "exhausted," so to speak, by service upon the wrong man of different name. And we can see no reason, in principle, why the case would be any different because of service upon a wrong man of the same name as the juror drawn.

In a community made up so largely of races whose members to so great an extent bear similar names, particularly among the Portuguese, to which race the person served belonged, it would be well for the jury commissioners, by consulting directories and voting registers, and otherwise, to ascertain whether a name to be placed in the box is a common one, and if so to designate the person to a certainty, by his occupation, residence, or otherwise.

In this case, then, the service of the writ was made in error, and is a nullity. The writ should now be served upon the man intended, whose identity may be ascertained from the clerk.

While there appear to be no decisions directly in point, reference is made to the case of *Goodwin v. State,* 15 So. (Ala.) 571, 573, and *Gregory v. State,* 37 So. (Ala.) 259, 262, especially the former, as having some bearing on this question.